# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | Case No. CV 15-7088-R (JEM) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On August 31, 2015, Pedro Martinez ("Petitioner"), proceeding pro se and in forma pauperis, constructively filed[1] a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

The Court's review of the Petition reveals that it is deficient because Petitioner has failed to name a proper respondent.  A petitioner seeking habeas corpus relief must name

---

[1] Under the prison "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988).  The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted); accord Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the day the petition was signed.  See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2011) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  "A custodian is the person having a day-to-day control over the prisoner.  That person is the only one who can produce the body of the petitioner."  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (internal quotations and citation omitted).   Failure to name a proper respondent requires dismissal of the Petition for lack of jurisdiction.  See Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

If Petitioner chooses to file an amended petition, he must name as the respondent the warden of the state prison where he is incarcerated currently (i.e., the prison warden of High Desert State Prison).  See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**.  If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition no later than **October 28, 2015**.  In the interest of judicial economy, the clerk is directed to return a copy of the Petition to Petitioner so that he may substitute the name of the proper respondent on page one of the petition form.  The Petition should be re-labeled as the "First Amended Petition."

Petitioner shall immediately notify the Court of any change to Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order.  See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by October 28, 2015, may result in a recommendation that this action be dismissed without

prejudice for failure to prosecute and/or failure to comply with a court order.  No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**


DATED: September 28, 2015            */s/ John E. McDermott*
                                                      JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE